IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FELIMON CRUZ-VENTURA | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, et al. | : | NO. 13-cv-7230 |
| | : | |

O R D E R

AND NOW, this 7th day of October, 2014, upon consideration of the Report and

Recommendation of United States Magistrate Judge Linda K. Caracappa (Doc. No. 8) and

Petitioner Felimon Cruz-Ventura's Objections thereto (Doc. No. 11), and upon independent

review of Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (Doc. No. 1),

it is hereby ORDERED as follows:

1.  Petitioner's objections to the Report and Recommendation ("R&R") are OVERRULED.

    This Court must make "a de novo determination of those portions of the report or
    specified proposed findings or recommendations to which objection is made." 28 U.S.C.
    § 636(b)(1)(C). Petitioner raises three primary objections to the R&R, which we will
    consider in turn.

    First, Petitioner objects to the R&R's determination of when AEDPA's statute of
    limitations expired.[1] See Pet'r's Objections to R&R 8. Upon careful and independent
    review of Petitioner's state court record, we find that the instant petition is in fact time
    barred. Petitioner was first sentenced on May 18, 2001 by the Court of Common Pleas of
    Lancaster County for multiple offenses related to the sexual assault of a five-year-old
    girl. After the Superior Court of Pennsylvania remanded for re-sentencing, the Court of
    Common Pleas issued a new sentence on September 30, 2003. The Superior Court
    affirmed this sentence on August 10, 2004. Petitioner then had thirty days to file a
    petition for allowance of appeal, but he did not do so. Thus, Petitioner's judgment of
    sentence became final on September 9, 2004, and AEDPA's one-year statute of
    limitations began to run on that day. See 28 U.S.C. § 2244(d)(1) ("A 1-year period of

---

[1] It should be noted, however, that Petitioner does not seem to object to the conclusion that the statute of limitations
did in fact expire. He merely appears to contest when it expired. See Pet'r's Objections to R&R 8 ("[A] one-year
period of limitations from September 30, 2003 would be September 30, 2004. Petitioner was re-sentenced
September 30, 2003. And from August 10, 2004, it would be August 10, 2005. We object to the R&R's page 5 and
p.6 calculations in stating, 'Accordingly, petitioner's conviction became final on September 9, 2004.'").
Nevertheless, we will address the timing of the limitations period's expiration, as we do not fully embrace
Magistrate Judge Caracappa's determination of precisely when the limitations period closed.

1

limitation . . . shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.").

The R&R neglects to consider that the statute of limitations for Petitioner's habeas claims qualified for statutory tolling for a period of time, see 28 U.S.C. § 2244(d)(2), R&R 5–6, but the R&R's ultimate conclusion that Petitioner filed the instant petition outside the limitations period remains sound. On November 22, 2004, seventy-four days into the federal limitations period, Petitioner filed a petition in the Court of Common Pleas pursuant to the Post Conviction Relief Act ("PCRA"). This proper and timely filing for state post-conviction relief tolled the federal statute of limitations while the state claim was pending. See 28 U.S.C. § 2244(d)(2). The state court dismissed the PCRA petition on January 8, 2008. The Superior Court affirmed on March 27, 2009, and the Supreme Court of Pennsylvania denied the petition for allowance of appeal on November 4, 2009. Thus, AEDPA's statute of limitations began to run again on November 4, 2009, once the petition for state post-conviction relief was no longer pending. The 291 days remaining in the limitations period subsequently expired on August 22, 2010.[2] Petitioner filed the instant habeas petition on December 7, 2013, over three years after the limitations period ended. As such, we find that the habeas petition is time barred.[3]

Second, Petitioner asserts that AEDPA's statute of limitations should be equitably tolled in this case. Pet'r's Objections to R&R 8–13. Petitioner alleges that "he exercised reasonable diligence in investigating and bring[ing] . . . claims in the face of numerous obstacles, including but certainly not limited to health problems, illiteracy, Ineffective Assistance of both Trial Counsel and Appellate Counsel, . . . [and] being a 'Spanish-only' speaking individual." Id. at 8.

Petitioner's claims of ill health are insufficient to satisfy the equitable tolling standard, as he does not specify any particular health condition that may have prevented him from timely filing, nor does he indicate how a health condition may have done so. See Pet'r's Objections to R&R 8, 18–19. As for Petitioner's claims that his limited education and illiteracy merit equitable tolling, mental incompetence may sometimes furnish a ground for equitable tolling but only if the alleged incompetence affects the petitioner's ability to file an action on time. Champney v. Sec'y Pennsylvania Dep't of Corr., 469 F. App'x

---

[2] Although Petitioner filed three subsequent PCRA petitions, these petitions did not toll the federal statute of limitations further because Petitioner filed them after the limitations period expired. See R&R 3. Petitioner filed his second PCRA petition on October 25, 2010, two months outside the limitations period. See id. Moreover, even if the relevant period had not yet expired, the second, third, and fourth PCRA petitions would not have tolled the statute of limitations, as each filing was found to be untimely. See id. at 3–4; Merritt v. Blaine, 326 F.3d 157, 165 (3d Cir. 2003) ("[A]n untimely PCRA petition does not toll the statute of limitations for a federal habeas corpus petition.").

[3] In his objections to the current R&R, Petitioner expresses frustration over his perception that he has been "spun around in circles," since this Court dismissed his previous habeas petition as premature but the R&R now suggests that he filed his current petition too late. See Pet'r's Objections to R&R 9. For the sake of clarity, we will briefly address this objection. In July 2006, Petitioner filed a petition for federal habeas relief, which this Court denied without prejudice. See R&R 2. The habeas petition was premature, as Petitioner's first PCRA petition was still pending in state court. Id. Petitioner could have filed a timely federal habeas petition after he had exhausted the available state remedies—that is, after November 4, 2009—but before AEDPA's statute of limitations expired on August 22, 2010. However, he did not file the instant habeas petition, or any other federal habeas petition subsequent to the 2006 filing, until December 7, 2013, long after the limitations period had passed.

113, 117 (3d Cir. 2012). Here, Petitioner was not incapable of filing court documents on time. In fact, he filed a timely PCRA petition in state court before AEDPA's statute of limitations period expired, tolling the limitations period until that petition was dismissed. See R&R 3–4. Because Petitioner was capable of filing a proper and timely petition, equitable tolling would be inappropriate in this case. See Champney, 469 F. App'x at 118 ("[Petitioner's] participation in court proceedings over an extended period of time compel[s] the conclusion that the extraordinary remedy of equitable tolling is not warranted here.").

Petitioner's additional contention that he received poor legal representation, see Pet'r's Objections to R&R 1, 4–5, 12, 22, 30–33, Habeas Pet. 6–7, similarly does not justify equitable tolling. Petitioner fails to allege how any action or inaction by counsel prevented him from filing the instant petition on time, particularly since Petitioner is proceeding *pro se*. See generally Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001) (noting that in non-capital cases, even where attorneys have committed errors, performed miscalculations, conducted inadequate research, or made other mistakes, courts have nonetheless found that equitable tolling is not warranted).

Finally, a petitioner's inability to speak English may qualify as an extraordinary circumstance meriting equitable tolling where "he has consistently claimed to be a non-English speaker, required a translator in his interactions with police and the court system, lacked access to legal materials or notice of AEDPA in Spanish[,] . . . and was repeatedly denied legal materials in Spanish or translation assistance." Pabon v. Mahoney, 654 F.3d 385, 401–02 (3d Cir. 2011). The relevant inquiry is how severe an obstacle the language deficiency presented with respect to satisfying the federal statute of limitations. Id. In the case at bar, although Petitioner has consistently claimed to be a non-English speaker and has required a translator, there is no indication that he lacked access to materials in Spanish or that he was denied language assistance. R&R 8. To the contrary, he received formal assistance from translators at each stage of his state court proceedings, and he had access to translation assistance while filing his PCRA petitions and the instant habeas petition. Pet'r's Objections to R&R 19 ("[F]riends and fellow inmates . . . interprete[d] for or otherwise assist[ed] Mr. Cruz."); id. at 13–14. Moreover, Petitioner has successfully met previous deadlines for direct appeals and for a PCRA petition, despite his current claims regarding a language barrier. R&R 8. Accordingly, we find that Petitioner's inability to speak English was not a severe obstacle that prevented him from filing the instant petition within the relevant period. Equitable tolling would therefore be inappropriate in this case.

Petitioner's remaining objections to the R&R consist largely of allegations that he received ineffective assistance of counsel. See Pet'r's Objections to R&R 1, 4–5, 12, 22, 30–33; Habeas Pet. 6–7. Since Petitioner did not file the instant petition within the statute of limitations, these substantive allegations are now moot. It is accordingly unnecessary to consider whether such allegations may also be procedurally defaulted.

2. For the foregoing reasons, the Report and Recommendation (Doc. No. 8) is APPROVED and ADOPTED, as modified by this Order.

3. Petitioner's Petition for Writ of Habeas Corpus (Doc. No. 1) is DISMISSED without an evidentiary hearing.

4. No certificate of appealability shall issue.

5. The Clerk of Court shall mark this matter CLOSED for statistical purposes.


BY THE COURT:

/s/ Legrome D. Davis

Legrome D. Davis, J.